UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:22-cv-21063-BB

NELSON VARGAS,

        Plaintiff(s),

v.

CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA, *et al.*,

        Defendant(s).

**JOINT MOTION FOR APPROVAL OF FLSA
SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, NELSON VARGAS ("Plaintiff"), and Defendants, CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA and JEROME AXELROD ("Defendants") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between Plaintiff and Defendants is attached as **Exhibit "A".**

**I.    Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature.

The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed

issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery and motion practice to narrow the issues before any substantial litigation ensued. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II.   Terms of Settlement

This case involved, a claim for unpaid minimum and overtime wages. The Plaintiff worked for Defendants which, at all times, employed the Plaintiff. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's status, as well as the Plaintiff's pay, hours worked, and time records. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that $8,500.00 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $13,500.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $4,250.00 as payment for alleged unpaid and minimum overtime wages to Plaintiff;

b. $4,250.00 as liquidated damages to Plaintiff;

c. $100.00 payable to Plaintiff's counsel as advanced costs for service of process on Defendants;

d. $400.00 payable to Plaintiff's counsel as filing fees to file the instant lawsuit;

e. $4,500.00 payable to Plaintiff's counsel as attorney's fees.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that counsel accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted,

| s/ Julisse Jiménez | /s/ Charles M. Eiss |
|---|---|
| Julisse Jiménez, esq. | Charles M. Eiss, Esq. |
| Fla. Bar # 65387 | Fla. Bar #612073 |
| E-mail: julisse@saenzanderson.com | Email: chuck@icelawfirm.com |
| SAENZ & ANDERSON, PLLC | Law Offices of Charles Eiss |
| 20900 NE 30th Avenue, Ste. 800 | 7951 SW 6th Street, Suite 112 |
| Aventura, Florida 33180 | Plantation, Florida 33324 |
| Telephone: (305) 503-5131 | Telephone: (954) 914-7890 |
| Facsimile: (888) 270-5549 | Facsimile: (855) 423-5298 |
| *Counsel for Plaintiff(s)* | *Attorney for Defendant(s)* |

# CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Julisse Jimenez**

# SERVICE LIST

**NELSON VARGAS v. CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA**
**Case No. 1:22-cv-21063-BB**
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| Julisse Jiménez | Charles M. Eiss, Esq. |
| E-Mail: julissejimenez@saenzanderson.com | Fla. Bar #612073 |
| SAENZ & ANDERSON, PLLC | Email: chuck@icelawfirm.com |
| 20900 N.E. 30th Avenue, Suite 800 | Law Offices of Charles Eiss |
| Aventura, Florida 33180 | 7951 SW 6th Street, Suite 112 |
| Telephone: (305) 503-5131 | Plantation, Florida 33324 |
| Facsimile: (888) 270-5549 | Telephone: (954) 914-7890 |
| *Counsel for Plaintiff(s)* | Facsimile: (855) 423-5298 |
| | *Attorney for Defendant(s)* |

**Exhibit "A"**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, NELSON VARGAS ("Plaintiff") and the Defendants, CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA, and JEROME AXELROD (the "Defendants").

### Section I – General Recitals & Representations

**1.1** Plaintiff has filed a lawsuit against the Defendants alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"). *See* NELSON VARGAS v. CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA, *et al.*, Case No. 1:22-cv-21063-BB.

**1.2** Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1 Mutual Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendants, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants (including his termination of employment from Defendants) that he may now have against Defendants regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendants or any of Defendants' employees, agents or representatives. Plaintiff expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Pregnancy Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of

*NV.*
Plaintiff                                                                                                                                   Defendant(s)

emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants.* Notwithstanding anything written in this agreement, the Parties acknowledge that Plaintiff is not releasing: any claim that relates to any rights he might have to file or pursue a claim, or to any pending claim for unemployment or worker's compensation or any existing benefits derived from a worker's compensation claim (if applicable); or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; and any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants, that Defendants may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendants may have against Plaintiff.*

**2.1  No Rehire.** Plaintiff agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services to Defendants following the execution of this Agreement. Plaintiff further agrees that Defendants shall not be under any obligation to employ or contract with him. He further agrees that should any application be made by him, Defendants shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

**2.2  Dismissal of Claims / Court Approval.** If the Court so requires, Plaintiff agrees to submit this settlement to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.3  Payment of Consideration by Defendants.** In exchange for: (1) Plaintiff's release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiff has made herein (including, but not limited to, those relating to confidentiality), Defendants agree to pay the collective total gross settlement value of Thirteen Thousand Five Hundred dollars and zero cents ($13,500.00) (the "Total Settlement Sum"), which is to be broken down as follows:

(a) Plaintiff shall receive Eight Thousand Five Hundred dollars and zero cents ($8,500.00). From this sum, $4,250.00 shall be considered alleged unpaid wages and $4,250.00 shall be considered liquidated damages;

(b) Plaintiff's counsel shall receive Five Thousand dollars and zero cents ($5,000.00) for attorneys' fees and costs. $4,500.00 shall be for attorney's fees and $500 shall be for Court costs; and

_NV_
Plaintiff                                                                                                          Defendant(s)

(c) The Total Settlement Sum shall be paid within 10 calendars days from the time the Parties sign this Agreement via wire transfer or via one cashier/bank check made payable to Saenz & Anderson, PLLC, attorney trust account for which an IRS tax form 1099 shall issue. Plaintiff shall be responsible for his tax obligations, if any.

However, all payments under this Agreement are contingent upon Court approval and shall remain in trust until such time as the Court dismisses this action with prejudice.

**2.4** **Default Remedies.** In the event Defendants shall fail to make any payment (either to Plaintiff or to his/her attorneys) when due, Plaintiff and his/her attorneys may proceed with taking a Final Judgment against Defendants for the following amounts (plus interest at the highest rate allowable by law): (1) the balance then remaining after credit for payments made; plus (2) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to Plaintiff; and (3) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to SAENZ & ANDERSON, PLLC.

In addition, Defendants waive any defenses they may have had to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period.

The Defendants shall have a FIVE (5) calendar day cure period, which shall be triggered by notice to the following person via email, phone, or any other type of correspondence:

> Charles Eiss
> Law Offices of Charles Eiss, P.L.
> 7951 SW 6th Street
> Suite 112
> Plantation, Florida 33324
> 954.914.7890 (office)
> 855-icelaw-8 (423-5298) (fax)
> chuck@icelawfirm.com

**2.5** **Time to Sign Settlement Agreement:** The Parties agree to draft, negotiate, and fully execute the instant Agreement within Five (5) calendar days from the date in which the attorney for the Plaintiff(s) has filed a notice of settlement with the Court.

**2.6** **Consideration is Adequate, Ample and All Inclusive:** Plaintiff specifically agrees that the sums paid to her under this Agreement constitute adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

### Section III – Confidentiality & No Disparagement

**3.1** **Confidentiality.** Despite the fact that this Agreement may be made part of the Court record, Plaintiff agrees and understands that the circumstances surrounding this lawsuit, his employment with Defendants, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, Plaintiff promises that he will not disclose the fact of or terms of this Agreement

_____                                                                                       _____
Plaintiff                                                                                                                 Defendant(s)

to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. Plaintiff agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom he chooses to consult regarding the execution of this Agreement.

**3.2** **No Disparagement (mutual).** Plaintiff agrees not to disparage Defendants. Defendants understand and agree to not issue any statements or press releases disparaging, defaming, or impugning Plaintiff. Defendants will instruct their officers and agents, to not to disparage, or encourage others to disparage, defame, or impugn Plaintiff to any person or entity.

### Section IV – General Provisions

**4.1** **Encouragement to Consult Attorney and Time to Consider Agreement**. Plaintiff acknowledges that he/she was encouraged to consult an attorney before signing this Agreement. Plaintiff acknowledges that he/she has consulted an attorney before signing this Agreement. Plaintiff also acknowledges that he/she was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he/she understands each term of the Agreement and his/her obligations hereunder.

**4.2** **Neutral Employment References.** Defendants, upon request of a potential employer, will simply confirm dates of employment, salary, and position(s) for Plaintiff.

**4.3** **Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4** **Amendment.** This Agreement may not be amended except by written agreement signed by Defendants and Plaintiff.

**4.5** **Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6** **Governing Law, Severability, Interpretation and Construction**. This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

_NV_
_____
Plaintiff

_____
Defendant(s)

**4.7** **Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In fact, the parties explicitly agree that this Agreement is contingent upon the Court retaining jurisdiction to enforce the terms of this Agreement. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

Section V – Representations & Warranties

**5.1** **Capacity of the Parties.** Plaintiff represents and warrants to Defendants that he has the full power, capacity, and authority to enter into this Agreement. Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

**5.2** **Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiff and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3** **Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4** **Attorney's Fees.** In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels. Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

| NELSON VARGAS<br><br>By: *Nelson Vargas*<br>Dated: 9/8/2022 | CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA<br><br>By: _____<br>Name: _____<br>Position: _____<br>Dated: _____<br><br>**JEROME AXELROD**<br><br>By: _____<br>Dated: _____ |

*NV*
_____
Plaintiff

_____
Defendant(s)

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into between the Plaintiff, NELSON VARGAS ("Plaintiff") and the Defendants, CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA, and JEROME AXELROD (the "Defendants").

### Section I – General Recitals & Representations

**1.1** Plaintiff has filed a lawsuit against the Defendants alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"). *See* <u>NELSON VARGAS v. CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA, et al.</u>, Case No. 1:22-cv-21063-BB.

**1.2** Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiff against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiff agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1 Mutual Full and General Waiver of All Claims.** Plaintiff knowingly and voluntarily does hereby fully and generally release and waive any and all claims and actions against Defendants, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants (including his termination of employment from Defendants) that he may now have against Defendants regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Defendants or any of Defendants' employees, agents or representatives. Plaintiff expressly acknowledges and agrees that this release and waiver includes, but is not limited to, claims or lawsuits arising under the Fair Labor Standards Act ("FLSA"), as amended, The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), Title VII of the Civil Rights Act of 1964 (as amended), The Florida Civil Rights Act of 1992, the federal Age Discrimination in Employment Act ("ADEA"), the Pregnancy Discrimination Act, 42 U.S.C. § 1981, the Equal Pay Act, the National Labor Relations Act, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, the Florida Whistle-Blower Act, the Sarbanes-Oxley Act of 1992, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), the Immigration and Nationality Act, the Occupational Safety and Health Act ("OSHA"), the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the federal Fair Credit Reporting Act, and any other federal or state statute or local ordinance or any common law cause of action including, without limitation, claims for unpaid minimum and overtime wages, age discrimination, sexual harassment, gender discrimination, retaliation, breach of contract (express or implied), unjust enrichment, breach of a covenant of good faith and fair dealing, inadequate notice, fraud, unpaid wages or commissions or bonuses, negligence, gross negligence, negligent hiring, training, retention and supervision, intentional infliction of

_____          _____
Plaintiff                  Defendant(s)

emotional distress, wrongful or unlawful discharge, defamation, assault, battery, or claims of personal injury. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. The listing of claims above is intended to be illustrative rather than exhaustive. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Plaintiff may have against Defendants.* Notwithstanding anything written in this agreement, the Parties acknowledge that Plaintiff is not releasing: any claim that relates to any rights he might have to file or pursue a claim, or to any pending claim for unemployment or worker's compensation or any existing benefits derived from a worker's compensation claim (if applicable); or to vested benefits under any Employee Retirement Plan sponsored by the Employer; any rights or claims that may arise after this Agreement is signed; and any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiff, including but not limited to, claims arising out of Plaintiff's employment or relationship with Defendants, that Defendants may now have against Plaintiff regardless of whether the claims are known or unknown, accrued or unaccrued, or discovered or not yet discovered. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiff's or any of Plaintiff's agents or representatives. This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. *Thus, this Agreement constitutes a full and final bar to any and all claims of any type that Defendants may have against Plaintiff.*

**2.1   No Rehire.** Plaintiff agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services to Defendants following the execution of this Agreement. Plaintiff further agrees that Defendants shall not be under any obligation to employ or contract with him. He further agrees that should any application be made by him, Defendants shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.

**2.2   Dismissal of Claims / Court Approval.** If the Court so requires, Plaintiff agrees to submit this settlement to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.3   Payment of Consideration by Defendants.** In exchange for: (1) Plaintiff's release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendants; and (2) all other promises Plaintiff has made herein (including, but not limited to, those relating to confidentiality), Defendants agree to pay the collective total gross settlement value of Thirteen Thousand Five Hundred dollars and zero cents ($13,500.00) (the "Total Settlement Sum"), which is to be broken down as follows:

(a) Plaintiff shall receive Eight Thousand Five Hundred dollars and zero cents ($8,500.00). From this sum, $4,250.00 shall be considered alleged unpaid wages and $4,250.00 shall be considered liquidated damages;

(b) Plaintiff's counsel shall receive Five Thousand dollars and zero cents ($5,000.00) for attorneys' fees and costs. $4,500.00 shall be for attorney's fees and $500 shall be for Court costs; and

_____                                                                                     _____
Plaintiff                                                                                            Defendant(s)

Page 2 of 5

(c) The Total Settlement Sum shall be paid within 10 calendars days from the time the Parties sign this Agreement via wire transfer or via one cashier/bank check made payable to Saenz & Anderson, PLLC, attorney trust account for which an IRS tax form 1099 shall issue. Plaintiff shall be responsible for his tax obligations, if any.

However, all payments under this Agreement are contingent upon Court approval and shall remain in trust until such time as the Court dismisses this action with prejudice.

**2.4  Default Remedies.** In the event Defendants shall fail to make any payment (either to Plaintiff or to his/her attorneys) when due, Plaintiff and his/her attorneys may proceed with taking a Final Judgment against Defendants for the following amounts (plus interest at the highest rate allowable by law): (1) the balance then remaining after credit for payments made; plus (2) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to Plaintiff; and (3) liquidated damages of FIVE THOUSAND DOLLARS ($5,000.00) to SAENZ & ANDERSON, PLLC.

In addition, Defendants waive any defenses they may have had to such a claim excepting the defense of offset for payments made and not credited to the balance then alleged outstanding or timely payment within the cure period.

The Defendants shall have a FIVE (5) calendar day cure period, which shall be triggered by notice to the following person via email, phone, or any other type of correspondence:

> Charles Eiss
> Law Offices of Charles Eiss, P.L.
> 7951 SW 6th Street
> Suite 112
> Plantation, Florida 33324
> 954.914.7890 (office)
> 855-icelaw-8 (423-5298) (fax)
> chuck@icelawfirm.com

**2.5  Time to Sign Settlement Agreement:** The Parties agree to draft, negotiate, and fully execute the instant Agreement within Five (5) calendar days from the date in which the attorney for the Plaintiff(s) has filed a notice of settlement with the Court.

**2.6  Consideration is Adequate, Ample and All Inclusive:** Plaintiff specifically agrees that the sums paid to her under this Agreement constitute adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon her by this Agreement.

### Section III – Confidentiality & No Disparagement

**3.1  Confidentiality.** Despite the fact that this Agreement may be made part of the Court record, Plaintiff agrees and understands that the circumstances surrounding this lawsuit, his employment with Defendants, and the Agreement are strictly and absolutely confidential. Notwithstanding any notations or filings in the judicial record, Plaintiff promises that he will not disclose the fact of or terms of this Agreement

_____                                                                                           _____
Plaintiff                                                                                                      Defendant(s)

to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. Plaintiff agrees not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom he chooses to consult regarding the execution of this Agreement.

**3.2    No Disparagement (mutual).** Plaintiff agrees not to disparage Defendants. Defendants understand and agree to not issue any statements or press releases disparaging, defaming, or impugning Plaintiff. Defendants will instruct their officers and agents, to not to disparage, or encourage others to disparage, defame, or impugn Plaintiff to any person or entity.

### Section IV – General Provisions

**4.1    Encouragement to Consult Attorney and Time to Consider Agreement.** Plaintiff acknowledges that he/she was encouraged to consult an attorney before signing this Agreement. Plaintiff acknowledges that he/she has consulted an attorney before signing this Agreement. Plaintiff also acknowledges that he/she was given a reasonable period of time within which to review and consider this Agreement before signing it, and that he/she understands each term of the Agreement and his/her obligations hereunder.

**4.2    Neutral Employment References.** Defendants, upon request of a potential employer, will simply confirm dates of employment, salary, and position(s) for Plaintiff.

**4.3    Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**4.4    Amendment.** This Agreement may not be amended except by written agreement signed by Defendants and Plaintiff.

**4.5    Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.6    Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

_____                                                                                                _____
Plaintiff                                                                                                         Defendant(s)

**4.7     Litigation of Disputes.**  In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute.  In fact, the parties explicitly agree that this Agreement is contingent upon the Court retaining jurisdiction to enforce the terms of this Agreement.  In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement.

### Section V – Representations & Warranties

**5.1     Capacity of the Parties.**  Plaintiff represents and warrants to Defendants that he has the full power, capacity, and authority to enter into this Agreement.  Plaintiff also represents and warrants that no portion of any claim, right, demand, action, or cause of action that Plaintiff has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of Plaintiff's claims released in this Agreement.

**5.2     Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiff and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3     Recitals Incorporated.**  All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4     Attorney's Fees.**  In any arbitration or litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels.  Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiff.

| NELSON VARGAS<br><br>By:_____<br>Dated:_____ | CACIO E. PEPE, LLC d/b/a ALEXANDER GREEK TAVERNA<br><br>By:_____<br>Name: _JEROME AXELROD_____<br>Position: _OWNER_____<br>Dated: _9/8/22_____<br><br>JEROME AXELROD<br><br>By:_____<br>Dated: _9/8/22_____ |
|---|---|

Plaintiff                                                                                                       Defendant(s)